<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4287**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

X.D.,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:10-cr-00036-RGD-FBS-1)

———————

Submitted:  June 24, 2011              Decided:  August 11, 2011

———————

Before KING, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, William D. Muhr, V. Kathleen Dougherty, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

X.D. appeals a district court order denying his motion to dismiss the indictment on double jeopardy grounds. X.D. argues that the federal prosecution is a sham prosecution brought only after Norfolk, Virginia's Commonwealth's Attorney unsuccessfully brought the same charges against him. We affirm.

An order denying a motion to dismiss an indictment on double jeopardy grounds is immediately appealable. Abney v. United States, 431 U.S. 651, 659-60 (1977). This court reviews double jeopardy issues de novo. United States v. Studifin, 240 F.3d 415, 418 (4th Cir. 2001). The Double Jeopardy Clause protects against the subsequent prosecutions for the same offense. However, the dual or separate sovereigns doctrine permits a federal prosecution after a state prosecution for the same offense. Heath v. Alabama, 474 U.S. 82, 89 (1985). In Barkus v. Illinois, 359 U.S. 121, 122-24 (1959), the Supreme Court noted that a subsequent prosecution by a separate sovereign could be a sham if it was shown that the sovereign was merely a tool for the sovereign that originally prosecuted the case.

A subsequent prosecution may be a sham if the sovereign had "little or no independent volition in their proceedings." In re Kunstler, 914 F.2d 505, 517 (4th Cir. 1990). In addition, a sham prosecution may be found if the

2

sovereign's decision-making was dominated or controlled by the other sovereign or if the prosecution did not vindicate the sovereign's interests. See United States v. Montgomery, 262 F.3d 233, 238 (4th Cir. 2001).

The "sham prosecution" exception to the dual sovereign doctrine is a narrow one. See United States v. Djoumessi, 538 F.3d 547, 550 (6th Cir. 2008). Cooperation between sovereigns does not establish that one sovereign has ceded its prosecutorial discretion to the other sovereign. Id. Similarly, cooperation between law enforcement agencies is commendable, and, "without more, such efforts will not furnish a legally adequate basis for invoking the Barkus exception to the dual sovereign rule." United States v. Guzman, 85 F.3d 823, 828 (1st Cir. 1996).

In this instance, we conclude that X.D. failed to show that the U.S. Attorney's Office's decision to bring criminal charges against him was not of the Office's own volition. There is no evidence that the State controlled the U.S. Attorney's Office decision-making. Furthermore, the record shows that the Federal Government has an interest in bringing charges against X.D. for murder and assaults that allegedly rose from his gang activity.

Accordingly, we affirm the district court's order. We deny the Government's motion to expedite or for summary

3

affirmance.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED